Application DENIED. Defendants shall file the Affidavit at Dkt. No. 23 without redactions. The proposed redactions in Dkt. No. 23 address do not address trade secrets, sources of business information or other sensitive topics sufficient to warrant sealing. The vast majority of the information for which Defendants seek redaction is available in the publicly filed Complaint (Dkt. No. 1), the SAT "Terms and Conditions" document (Dkt. No. 8-1), the transcript from the July 18, 2019, conference (Dkt. No. 12) and in filings concerning arbitration (Dkt. Nos. 8, 16, 19). SO ORDERED.

Dated: February 18, 2020

*Lorna G. Schofield*
**UNITED STATES DISTRICT JUDGE**

**WILMERHALE**

February 14, 2020

**VIA ECF**

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

Honorable Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *John Doe #1 et al. v. The College Board*, No. 19-cv-6660 (LGS)

Dear Judge Schofield,

  This firm represents the College Board in the above-referenced matter. I write pursuant to the Court's Order dated February 10, 2020, ECF No. 20, which called for the submission of additional evidence and invited the parties to submit a motion to seal, as appropriate. Consistent with that Order and the Court's Individual Rules, the College Board has filed a provisionally redacted Affidavit of Camille Thompson. ECF No. 24. The College Board requests that the Court so-order the proposed highlighted redactions at ECF No. 23.

  "Although the common law right of public access to judicial documents is firmly rooted in our nation's history, this right is not absolute, and courts must balance competing considerations against the presumption of access." *Allianz Global Investors GMBH v. Bank of Am. Corp.*, No. 18 Civ. 10364, ECF No. 293 (S.D.N.Y. Sept. 17, 2019) (Schofield, J.) (internal quotation marks and alterations omitted) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). These competing considerations include, among others, "trade secrets and sources of business information that might harm a litigant's competitive standing," *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015), as well as the privacy interests of minors, *see P.M. v. Evans-Brant Cent. Sch. Dist.*, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008).

  The College Board submits that the proposed redactions at ECF No. 23 are narrowly tailored and that the privacy interests protected by those redactions overcome the presumption of public access. These redactions are especially appropriate given the unusually sensitive topics implicated here. This is not a run of the mill commercial dispute. To substantiate the issues discussed at the July 18, 2019 hearing, Ms. Thompson's affidavit must address highly sensitive matters, including the misconduct of minor students as well as the College Board's procedures for handling cases of test taker misconduct. How the College Board identifies misconduct on the SAT is the College Board's version of the formula for Coke: highly confidential, trade secret, and core to its business and the public interest it serves.

  Failure to safeguard this information would not only prejudice the College Board's commercial interests, but it could also make its misconduct detection procedures more

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing Berlin Boston Brussels Denver Frankfurt London Los Angeles New York Palo Alto Washington

vulnerable to circumvention. This is not a remote threat. *See, e.g.*, Hurtado, *College Board Targets SAT Loophole in Bid to Avert Cheating*, Bloomberg (May 17, 2019) https://www.bloomberg.com/news/articles/2019-05-17/sat-loophole-targeted-by-college-board-in-bid-to-avert-cheating; Dudley, *How test-prep companies swiftly exposed the brand-new SAT*, Reuters (March 28, 2016), https://www.reuters.com/investigates/special-report/college-sat-two; Anderson, *20 Students Now Accused in L.I. Case on Cheating*, The New York Times (Nov. 22, 2011), https://www.nytimes.com/2011/11/23/education/more-students-charged-in-long-island-sat-cheating-case.html.

Courts regularly permit sealing where disclosure threatens commercial harm or competitive disadvantage. *See, e.g.*, *Dalla-Longa v. Magnetar Capital LLC*, No. 19-cv-11246, ECF No. 26 (S.D.N.Y. Jan. 20, 2020) (Schofield, J.) ("But for the redactions identified below, the proposed redactions are necessary to prevent unauthorized dissemination of confidential business information."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (redactions of "confidential business information" including "internal business documents" and "information about [ ] business operations" held "justified"); *Dodona I, LLC*, 119 F. Supp. 3d at 156 (granting request to seal information concerning "trading strategies, objectives and transactions"); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 616-17 (2d Cir. 2009) (presumption was overcome where disclosure would subject party to financial harm and competitive disadvantage).

Filing under seal is also appropriate where, as here, it could undermine the College Board's efforts to detect and thwart misconduct. *Louis Vuitton Malletier*, 97 F. Supp. 3d at 511 (sealing Louis Vuitton's "enforcement policies and investigation information"); *see also Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing sealing where disclosure "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

For the foregoing reasons, the College Board respectfully requests the Court so-order its proposed redactions at ECF No. 23.

We are, of course, available to discuss this or any other matter.

Respectfully submitted,


*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld

cc:     All counsel of record (via ECF)