```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
  JOHN DOE #1, et al.,                                       :
                                        Plaintiffs,          :
                                                             :         19 Civ. 6660 (LGS)
                      -against-                              :
                                                             :              ORDER
  THE COLLEGE BOARD,                                         :
                                        Defendant.           :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 27, 2020, the Court denied Plaintiffs' request for a two-month extension of the deadline to commence arbitration. (Dkt. No. 37). The May 27, 2020, Order directed the parties to commence arbitration by June 10, 2020, with the time and manner of proceeding arbitration to be determine by the arbitrator, and stated that, if arbitration is not commenced by June 10, 2020, the action would be dismissed under Federal Rule of Civil Procedure Rule 41(b) for failure to prosecute.

WHEREAS, on June 11, 2020, Plaintiffs filed a letter stating that arbitration had not commenced "due to [Plaintiffs'] inability to travel to New York, and the associated costs." (Dkt. No. 38). Plaintiffs' letter did not address the option of conducting arbitration via videoconference, which Plaintiffs had previously presented as an alternative. (Dkt. No. 36 at 2/2).

WHEREAS Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *accord Williams v. City of New York*, No. 17 Civ. 5676, 2018 WL 4042108, at *1 (S.D.N.Y. Aug. 23, 2018). A court considering Rule 41(b) dismissal must weigh five factors:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal,

>   (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *accord Williams*, 2018 WL 4042108, at *1. It is hereby

   **ORDERED** that the action is dismissed for failure to prosecute pursuant to Rule 41(b). Plaintiffs have been on notice of their obligation to arbitrate this dispute since the Court's February 24, 2020, Order and Opinion granting Defendant's motion to compel arbitration. (Dkt. No. 29). Since February 24, 2020, Plaintiffs have posited a meritless position regarding venue (*see* Dkt. Nos. 35, 34 at 1/2, 8-1 at 2/18), and twice missed Court-ordered deadlines to commence arbitration (*see* Dkt. Nos. 35, 37) without adequate explanation or an attempt to commence the arbitration and then request from the arbitrator an adjournment or conducting the arbitration via videoconference. Further, Plaintiffs have failed to comply with the Court's Individual Rules regarding requests for extensions (*see* Dkt. No. 36), and their obligation to file *joint* status letters (*see* Dkt. Nos. 30, 33). The May 27, 2020, Order explicitly warned that failure to commence arbitration by June 10, 2020, would result in dismissal of the case. (Dkt. No. 37). Accordingly, for these reasons and the Court's strong interest in managing its docket, this action is dismissed with prejudice for failure to prosecute pursuant to Rule 41(b). *See Williams*, 2018 WL 4042108, at *1 (concluding the same where, among other factors, plaintiff failed to comply with court orders and was explicitly warned that failure to comply would result in dismissal of the case).

Dated: June 15, 2020
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE